UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY L. FORD,

    Petitioner,

v.                                                                Case No.:  8:10-cv-2818-T-24TBM
                                                                                8:05-cr-44-T-24TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court upon Petitioner Ford's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (CV Doc. No. 1; CR Doc. No. 417).  Because a review of the motion and the record in this case conclusively shows that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney and shall proceed to address the matter.

**I.  Background**

On June 29, 2005, Petitioner was charged in eight counts of a multi-defendant, multi-count Second Superseding Indictment.  (CR Doc. No. 122).  In Count One, he was charged with conspiracy to distribute, and to posses with intent to distribute, cocaine and cocaine base.  In Counts Two, Four, Five, Six, and Seven, he was charged with distributing, and possessing with intent to distribute, cocaine and cocaine base.  In Count Ten, he was charged with possessing a firearm in furtherance of a drug trafficking offense.  In Count Eleven, he was charged with possessing a firearm while being a convicted felon.

Petitioner went to trial on the charges in July of 2005. The jury returned a verdict on August 2, 2005, finding him guilty on seven of the eight counts.[1] (CR Doc. No. 223). He was sentenced on November 4, 2005 to life imprisonment. (CR Doc. No. 268). He appealed the judgement and conviction, and the Eleventh Circuit affirmed it on April 30, 2007. (CR Doc. No. 349).

On December 13, 2010–more than three-and-a half years after the Eleventh Circuit's decision–Petitioner submitted the instant § 2255 motion to prison authorities for mailing. However, because the § 2255 motion is untimely, the Court denies it without reaching the merits of the grounds for relief asserted therein.

## II.  Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. U.S., 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner unsuccessfully appealed his conviction to the Eleventh Circuit, and under such

---

[1] He was found not guilty as to Count Ten, which charged him with possessing a firearm in furtherance of a drug trafficking offense.

circumstances, a conviction becomes final when the Supreme Court affirms the conviction, denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. See Clay v. U.S., 537 U.S. 522, 527 (2003). The time for filing a certiorari petition expired on July 30, 2007.[2]

Petitioner states in his § 2255 motion that he petitioned the Supreme Court for a writ of certiorari. However, Petitioner fails to mention that his certiorari petition was not timely filed. Petitioner did not file the certiorari petition until June 19, 2009–almost two years after the time for filing a certiorari petition expired.[3] As such, his conviction became final when the time for filing the certiorari petition expired on July 30, 2007.[4] See Warmus v. U.S., 253 Fed. Appx. 2, 5 (11th Cir. 2007). Since Petitioner did not file his § 2255 motion by July 30, 2008 (within one year after his conviction became final), his § 2255 motion is untimely.

**III. Conclusion**

Accordingly, Petitioner's § 2255 motion (CV Doc. No. 1; CR Doc. No. 417) is **DENIED** as time-barred. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close the civil case.

---

[2]A petition for a writ of certiorari must be filed within 90 days after the entry of the judgment being appealed. 28 U.S.C. § 2101(c).

[3]This information can be found on the Supreme Court's website by doing a docket search on case number 09-5787.

[4]According to the Supreme Court's website, the Supreme Court denied the certiorari petition on October 5, 2009 and denied rehearing on December 14, 2009. It does not matter that Petitioner's § 2255 motion was filed within one year after the Supreme Court's final ruling regarding the certiorari petition, because the certiorari petition was not timely filed, and as such, his § 2255 motion had to be filed by July 30, 2008.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of December, 2010.

Copies to:
Counsel of Record
Pro Se Petitioner

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

4